**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GREENBERRY INDUSTRIAL, LLC., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | |
| ESI, INC. OF TENNESSEE, ) | |
| ) | |
| *Defendant.* ) | |

**COMPLAINT FOR BREACHES OF CONTRACT,
*QUANTUM MERUIT*, UNJUST ENRICHMENT, PROMISSORY
ESTOPPEL, AND ATTORNEYS' FEES**

Greenberry Industrial, LLC. ("Greenberry") hereby files this Complaint

against ESI, Inc. of Tennessee ("ESI"). In support of its Complaint, Greenberry

shows the Court the following:

**GENERAL ALLEGATIONS**

**The Parties And The Construction Project**

1.     Greenberry is an Oregon limited liability company with its principal

place of business located in Vancouver, Washington.

2.     Greenberry is a general industrial fabricator and contractor with more

than 40 years of experience working on highly specialized, multi-faceted industrial

projects throughout the United States. Greenberry's services include a wide range of processing piping services including basic to extensive industrial plant maintenance and installations to complex power plant and other industrial projects.

3.     On information and belief, ESI is a Tennessee corporation with its principal place of business located in Cobb County, Georgia. ESI is registered to do business in Georgia with the Georgia Secretary of State and may be served with process by service on its registered agent, CT Corporation Systems, at its registered address in Georgia at 289 S. Culver Street, Lawrenceville, Georgia 30046, or by other means as provided by law.

4.     On information and belief, ESI provides Engineering, Procurement, and Construction (hereinafter "EPC") services for energy projects.

5.     Greenberry understands ESI entered into a contract with Georgia-Pacific Consumer Operations LLC ("GP") in 2020 for ESI to serve as the EPC general contractor for the Package Boiler Steam Supply Optimization project ("Project") at GP's Port Hudson ("Zachary") plant located in Port Hudson, Louisiana.

6.     The Project is located on a tract of land situated in Sections 36, 37, 62, 63, and 64, T4S, R2W, and in Section 31, T4S, R1W, and in Section 38, T5S, R2W, East Baton Rouge Parish, Louisiana.

7.     The GP Port Hudson Facility uses wood-fired boilers to produce steam for GP's manufacturing process.

8.     On information and belief, ESI entered into a contract with GP in 2020 for ESI to remove the existing boilers from service and replace them with more cost-efficient and environmentally friendly systems. Greenberry understands that the overall Project involved ESI engineering, procuring, constructing, and commissioning a complete natural gas fired package boiler system to replace the existing wood-fired boilers. Greenberry understands that the general scope of Project work includes one natural gas 150,000 pounds per hour boiler with forced draft fan, economizer, stack, deaerator, RO water storage tank, BFW pumps, PEMS, DCS and electrical systems, and all ancillary equipment and structures associated with the new steam plant.

9.     On information and belief, the total price of the Project and the amount of ESI's contract with GP for the Project is more than $20 million.

10.     ESI ordered various materials, labor, equipment, and services from Greenberry for the mechanical work on portions of the Project. That mechanical work included the mechanical setting, steel erection, and piping installation scope of the Project.

## Jurisdiction And Venue

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Greenberry and ESI as discussed in Paragraphs 1 and 3 of this Complaint. Furthermore, the amount in dispute in this action, excluding interest and attorneys' fees, exceeds $75,000.

12. This Court has personal jurisdiction over ESI as ESI's principal place of business is located in Cobb County, Georgia in the Northern District of Georgia, Also, on information and belief, ESI representatives communicated with Greenberry regarding the Project and the subcontract between ESI and Greenberry for the Project from the Northern District of Georgia, and ESI's registered agent in Georgia is located in Gwinnett County, Georgia in the Northern District of Georgia.

13. Venue is appropriate in this Court as to ESI because ESI's principal office and its registered agent and registered office in Georgia are located in the Northern District of Georgia.

14. All conditions precedent to the bringing of this action in the United States District Court for the Northern District of Georgia and to the recovery of the

damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

## COUNT I
## BREACH OF CONTRACT

15.     Greenberry incorporates herein by reference all allegations contained in Paragraphs 1 through 14 of this Complaint and reiterates all of those allegations.

16.     Greenberry entered into a subcontract with ESI on or about January 7, 2021 ("Subcontract") to provide labor, materials, equipment, and services for mechanical work on portions of the Project, including the mechanical setting, steel erection, and piping installation scope of the Project.

17.     The Subcontract price for the work to be performed by Greenberry was $4,118,209.00 as of January 7, 2021.

18.     Mechanical Completion of Greenberry's work on the project is defined as:

the mechanical completion of all major steel setting, equipment setting, and piping installation activities per the contract drawings and specifications. This includes all cleaning, hydro, testing, and flushing services as included as part of this subcontract, and that all QA/QC documentation and the Construction to Commissioning Turnover Packages have been submitted to

ESI's Superintendent, QA/QC Manager, and Commissioning Manager for Sign off.

19.     The Subcontract provided that Greenberry was to achieve Mechanical Completion by May 28, 2021.

20.     Subsequent to ESI and Greenberry entering into the Subcontract, Greenberry was directed to perform additional work and was delayed in several key aspects of its work on the Project causing Greenberry to incur additional costs. As a result, ESI and Greenberry agreed that Greenberry was entitled to additional compensation and/or time to complete its work. Therefore, ESI and Greenberry entered into Change Order 1 which increased the Subcontract Price by $403,473.48 to $4,521,682.48 for various extra work. Change Order 1 encompassed numerous items of additional and changed work addressed in Greenberry's Field Change Orders ("FCO"): # #002 (repair galvanizing finish (rough finish) for Rentech on boiler platform); #003 (recovery plan for lead paint and asbestos discovery), #004 (Procore RFI #'s 99, 113, 114, 115, 123); #006 Procore RFI #'s 128, 129, 133, 134, 139, 141); #012 (offload and set transformer and 15kV switch; #021 (needed additional grading clips to meet spec), #020 (bolts supplied by Labelleco were too short); #010 (base plate detail was different than anchor bolt spacing); #022 (additional bolted connection as to not abate lead paint); #019 (additional bolted

connection as to not abate lead paint), #018 (boiler arrived with flange face damage); #015 (removal of non-asbestos insulation); #017 (design change #010 (DCN); #013 (small bore connection from IFB to IFC); #014 (IFC revisions issued 2/4/2021); #016 (IFC revisions issued 2/4/2021-material costs); #007 (beam and burner conflict); #008 (steel beam bolting interference); #009 (Labelleco shop fab issues and ESI scope gap); #027 (TM #7 – new steel conflict with existing girt);#024 (check valve take-out  incorrect, pup section added in field); #023 (check valve take-out incorrect changes to ISO drawings and rework in shop); #025 (small bore and couplings to runs over 20 feet); #026 (DCN #11-LB revisions transmittal #103); #033 (permitting delay on 4/22/2021); #029 (TM #7 fire - project stand down); #032 (FV0081 was shown as 12 inch take-out on ISO's; but the valve and end-to-end is actually 9 inches, GBI added 3 inch pup piece; #030 (steel fabrication errors); and 43w#031 (asbestos testing for MMR, existing MCC room cable tray penetration).

21.    In order to address the effects of changes and inclement weather on Greenberry's work, ESI issued Change Order 2 which amended Subcontract Performance and Schedule terms and extended the Subcontract Mechanical Completion date from May 28, 2021 to June 17, 2021.

22.     During the course of its work on the Project, Greenberry encountered numerous other items of extra and changed work that increased or changed the scope of its Subcontract work and further extended the time that Greenberry needed to perform its work. For example, ESI has agreed that Greenberry is entitled to additional compensation for additional and/or changed work and/or for other additional costs for which ESI has issued four pending Change Order Nos. 3, 4, 5 and 6 totaling $504,570.58.

23.     ESI and Greenberry have agreed that the labor, materials and services subject to Change Order 3 increase the Subcontract Price by $384,349.51 for numerous items of additional and changed work addressed in Greenberry's FCOs: # 011 (Sunbelt liner incorrect fabrication delay); # 036 (adding two flanges to the sump for instrumentation connections; #037 (permit delays during outage and unforeseen water in piping); #035 (miscellaneous RFIs 265, 271, 272, 273, and 275); #038 (modify handrail for DA manway access); #039 (piping modifications), #041 (ISO 1718-7 line size change (TCV-0092); #042 (RFI #277 – ISO 7611-2 valve clash, RFI #276 – ISO 8387-9 elevation issue); # 044 (TM #7 - Fire – Project stand down), #034 (ISO 8387-4  - elevation bust); #040 ((ISO 8387-4 – unforeseen condition, interference of existing piping in wall); #043 (miscellaneous RFI's); #045 (piping from fuel train to burner center gun and outer ring were swapped);

#048 (stair tower head knocker rework); #047 (add transformer drain); #51 (modify piping W150-1-1753-1 to terminate at drain hub); #52 (modify W300-1-2470-FCO Rev. 1); #54 (incorrect steel fabrication); #55 (instrument air header and burner relay panel interference IA-5800-7); #58 (WRO-8323-1 spool 453 modification); #60 (RTF-loss of production week of 6-07-2021 LOTO miscommunication – Rev. 1); #61 (replace flange for PSV-0119 S150-7621-1, P&ID 662-011-006); #62 (install nipple and cap for future tie-in (IA-5800-3)); #63 (relocate orifice taps (WRO-8387-14); #64 (DCN #16 – remove LCV-007B and replace with spool); #65 (move flow indicators to eye level (WRO-8394, 8395, 8396, 8397); #69 (inlet burner expansion joint); #70 (GP required stand down at boiler area when power was brought into MCC room); #72 (RTF BFW pump and FD fan alignment delay week of 6-14-2021); #089 (DCN #16 – rework new condensate traps to existing header), #088 (DCN #15 – rework existing steam trap lines); #075 (add RFWN flanges at BDHX condensate outlet); #076 (add flanges to LCV- 0084 – CBD tank); #077 (CBD drain field fit W150-1-1757-1); #079 (W150-1-1758-1 CBD tank level indicating transmitter piping field fit); #080 (W300-1-1729-2 piping field clash CBD drain); #081 (W150-1730-3 piping field clash CBD drain); #082 (W150-1719 support interference with field tubing run); #083 (W600-8348 field fab trapeze support conduit clash); #086 (missing handrail

GBI fabricated – column 8E); #087 (W600-1-8384-2 reducing bushing (FV-104 wrong size sent to site from vendor)); #090 (add toe plate inside front enclosure); #091 (W150-7605-3 TP-25 60# steam tie-in); #094 (rework piping around DA, clash with DA insulation); #095 (widen grating pipe penetrations – DA & silencer); #097 (silencer platform grating penetrations); #104 (grout instrument stand); #105 (trunnion base Ell extensions); and #106 (additional bolted connection as to not abate lead paint).

24.     ESI and Greenberry have agreed that the labor, materials, and services subject to Change Order 4 increase the Subcontract Price by $39,080.97 for extra and changed work items subject to Greenberry's Extra Work Order ("EWO") #110 and FCO #110 (EWA 167-400 for steam blow field assistance).

25.     ESI and Greenberry have agreed tht the labor, materials and services subject to Change Order 5 increase the Subcontract amount by $73,041.98 for extra and changed work subject to Greenberry FCOs: #057 (C150-2701-2 - field fit issues – needed modification); #049 (DCN #14-steam blow 60# and 160 existing piping); #074 (modify handrail for DA manway access); #078 (WRO-8312); #084 (drop spools for GNLP cleaning and purge); #092 (black actuator support); #093 (S300-7820-2); #099 (added 1 inch valve to W600-8348-2); #100 (rotate valve –

S300-7814-1); #101 (add support to DA sight glass); #109 (additional bolted

connection as to not abate lead paint); and #046 (RFI #262).

26.    ESI and Greenberry have agreed that the labor, materials and services

subject to Change Order 6 increase the Subcontract Price by a net of $8,098.12 to a

total of $5,026,253.06 for extra and changed work subject to Greenberry FCOs:

#096 (additional RTF time for FD fan); #111 (equipment during SU&C); and #113

(credit for ESI SU&C hours not used by Greenberry).

27.    ESI has agreed that Greenberry is entitled to an additional

$504,570.58 for the extra and changed work items that increased or changed the

scope of its Subcontract work that are subject to Change Orders 3, 4, 5 and 6, but

ESI has included wording in the Change Order forms that is not appropriate for

those changes or required by the Subcontract, specifically: "*This will effectively

maintain project schedule and cover all additional GBI project overhead costs.*"

As a result, Greenberry has declined to sign the change orders with the

inappropriate wording and requested that ESI remove the inappropriate wording.

ESI has refused to remove the inappropriate wording further breaching the

Subcontract by refusing to issue proper change orders.

28.    The amounts of the Change Order Nos. 3, 4, 5 and 6 are only for the

direct costs of changes subject to those change orders, not extended overheads or

impact costs resulting from the changes. Therefore, the sentence should be deleted, and the revised Change Orders 3, 4, 5 and 6 should be issued and paid, but ESI has failed and refused to do so in further breach of the Subcontract.

29.    Greenberry also performed an additional $17,763.72 in extra and changed work for which ESI signed Greenberry timesheets and drawings, beyond the Subcontract, Change Orders 1 and 2, and signed FCO work. However, ESI has failed and refused to issue a signed FCO or Change Order for that additional extra and changed work in breach of the Subcontract.

30.    In addition to the extra and changed work and delays addressed in Paragraphs 20 to 29 above, Greenberry encountered additional changed and extra work and delays that it has documented to ESI for which Greenberry is entitled to additional compensation and additional performance time under the Subcontract. These include the following Field Change Orders that Greenberry previously submitted by ESI with supporting documentation:

| FCO # | DATE SUBMITTED | DESCRIPTION OF CHANGE | SUBMITTED BY COST |
|---|---|---|---|
| 5 | 5/10/2021 | Steel Delivery delay | $223,166.18 |
| 50 | 6/3/2021 | Weather Delays thru 06-03-21 | $98,465.76 |
| 66 | 6/14/2021 | Recovery Plan 3 | $160,402.80 |
| 67 | 6/14/2021 | Weather delays June 4 & 6 | $37,688.64 |
| 68 | 6/14/2021 | Supt and Add'l Crew after May 3 | $244,956.52 |
| 71 | 6/16/2021 | Inefficiency / Productivity Loss (Per MCAA Table) | $1,389,062.00 |
| 73 | 6/17/2021 | Delay for Tiedown 06-17-21 | $11,359.74 |
| 98 | 7/6/2021 | Extension of Indirect Equipment | $24,549.13 |
| 103 | 7/12/2021 | Unbudgeted Scaffolding Hours | $26,426.37 |
| 107 | 7/26/2021 | Additional Rain | $25,062.25 |
| 108 | 7/26/2021 | Lightning Delays | $126,407.50 |
| | | **Subtotal:** | **$2,367,546.89** |

31.    ESI has failed and refused to accept these extra and changed work change order requests in further breach of the Subcontract.

32.     In addition to the extra costs that Greenberry encountered as noted above, Greenberry experienced the following additional delays that extended the Mechanical Completion date from June 17, 2021 date subject to Change Order 2: (a) seven rain out days; (b) one GP fire delay day; (c) fourteen hours of lightning delays; and (d) twelve days of Field Change Order work performed which resulted in an additional 725 direct man hours.  ESI has failed and refused to issue change orders for the additional time resulting from these delays in further breach of the Subcontract.

33.     As a result of these impacts, the Mechanical Completion date should be extended to July 9, 2021.

34.     The Subcontract also provides that if Greenberry completes its work by the early Mechanical Completion deadline then Greenberry is entitled to an early completion bonus of $100,000. The original early Mechanical Completion/Bonus Trigger date was May 21, 2011, which was extended to June 10, 2021 by approved Change Order 2.

35.     The time extensions to which Greenberry is entitled for the impacts discussed in Paragraphs 20 to 34 above would extend the early completion deadline to July 2, 2021.

36.     Greenberry achieved Mechanical Completion of its Project work by no later than June 20, 2021, well before the appropriate July 2, 2021 early Mechanical Completion deadline. Therefore, Greenberry is entitled to receive the $100,000 early completion bonus.

37.     ESI has failed and refused to recognize the time extensions to July 2, 2021 for early Mechanical Completion and July 9, 2021 for regular Mechanical Completion to which Greenberry is entitled. As a result, ESI has improperly refused to pay Greenberry the early completion bonus of $100,000 which is a further breach of the Subcontract.

38.     Greenberry has fully and properly performed and completed all of its work on the Project.  Greenberry last worked on the Project in September 2021.

39.     Greenberry is entitled to be paid a total of at least $7,511,563.67 for its work on the Project based on the Subcontract Price, the approved Change Orders, and the other FCOs and timesheets approved by ESI, and extra and changed work discussed in this Count.

40.     Greenberry issued and delivered to ESI invoices that totaled $4,521,682.48 by August 26, 2021. ESI still owes Greenberry $1,737,878.50 of this amount.

41.     Greenberry issued and delivered to ESI invoice 52137 on January 14, 2022 which included the remaining unpaid balance of $2,989,881.19 owed to Greenberry by ESI.

42.     ESI has only paid Greenberry $2,783,803.98, which is less than 53% of the base Subcontract Price plus approved Change Orders 1 and 2, and less than 38% of the total value of the base Subcontract Price plus approved Change Orders 1 and 2 plus additional changes to which Greenberry is entitled.

43.     ESI owes Greenberry the principal amount of $4,727,759.69 as a result of ESI's breaches of the Subcontract, calculated as follows:

| | |
|---|---|
| Subcontract Amount | $4,118,209.00 |
| ESI Approved Change Orders 1 & 2 | $403,473.48 |
| Change Orders 3, 4, 5 & 6 Approved by ESI but Change | |
| Order Wording Disputed | $504,570.58 |
| Timesheets Approved by ESI | $17,763.72 |
| Additional Greenberry Change Requests | $2,367,546.89 |
| Early Completion Incentive | $100,000.00 |
| Subtotal | $7,511,563.67 |
| Payments | -$2,783,803.98 |
| Balance Due | $4,727,759.69 |

44.     On information and belief, ESI has been paid for labor, materials, equipment, and services provided by Greenberry for the Project for which ESI has failed and refused to pay Greenberry.

45.     Greenberry has made numerous demands on ESI to execute Change Orders and to pay the monies owed by ESI to Greenberry, but ESI has failed to pay Greenberry for all of the labor, materials, equipment, and services provided by Greenberry to the Project.

46.     ESI's failure to approve Change Orders and failure to pay Greenberry the amounts owed by ESI to Greenberry constitute breaches of the Subcontract between Greenberry and ESI for the Project.

47.     The Subcontract terms and conditions provide that the contract is governed by Georgia law.

48.     ESI is liable to Greenberry for prejudgment interest at the rate of one and one-half percent per month on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-16.

49.     In the alternative to the interest addressed in Paragraph 48 above, ESI is liable to Greenberry for prejudgment interest at the rate of seven percent per annum on the principal amount of $1,737,878.50 from at least August 26, 2021,

and on the principal amount of $2,989,881.19 from at least January 14, 2022

pursuant to O.C.G.A. § 7-4-2.

50.    The Subcontract provides that the prevailing party in any dispute

between ESI and Greenberry is entitled to recover its attorneys' fees from the non-

prevailing party. Therefore, Greenberry is entitled to recover all of its attorneys'

fees from ESI.

51.    All conditions precedent to the recovery of the monies sought in this

Count and to the recovery of the damages and other relief sought have been

satisfied, waived, excused, or otherwise discharged.

WHEREFORE, Greenberry respectfully requests that judgment be entered in

favor of Greenberry and against ESI for the following amounts regarding the

Project:

(a)    the principal amount of $4,727,759.69; plus

(b)    prejudgment interest at the rate of one and one-half percent per month

on the principal amount of $1,737,878.50 from at least August 26,

2021, and on the principal amount of $2,989,881.19 from at least

January 14, 2022 pursuant to O.C.G.A. § 7-4-16 (in the alternative to

the interest addressed previously in this subparagraph (b),

prejudgment interest at the rate of seven percent per annum on the

principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-2); plus

(c)    all attorneys' fees incurred by Greenberry in pursuing its claims against ESI; plus

(d)    all costs of this action; plus

(e)    additional and further relief as is just and proper.

**COUNT II**
***QUANTUM MERUIT* AGAINST ESI**

52.    Greenberry incorporates herein by reference all allegations contained in Paragraphs 1 through 14 of this Complaint and reiterates all of those allegations.

53.    ESI ordered from Greenberry's labor, materials, equipment, and services for the Project, and ESI promised to pay Greenberry for the costs of the labor, materials, equipment, and services Greenberry provided for the Project, plus an early completion bonus of $100,000.00.

54.    Greenberry properly supplied the labor, materials, equipment, and services ordered by ESI to the Project.

55.    All materials provided by Greenberry to the Project were incorporated into the Project and all materials, labor, equipment, and services improved the value of the real estate or premises comprising the Project.

56.     All of Greenberry's labor, materials, equipment, and services on the Project are subject to ESI's orders to Greenberry and, on information and belief, are also subject to ESI's contract with GP.

57.     The reasonable value of the labor, materials, equipment, and services Greenberry provided to the Project at the request and direction of ESI is $7,511,563.67.

58.     Greenberry issued and delivered to ESI invoices that totaled $4,521,682.48 by August 26, 2021. ESI still owes Greenberry $1,737,878.50 of this amount.

59.     Greenberry issued and delivered to ESI invoice 52137 on January 14, 2022 which included the remaining unpaid balance of $2,989,881.19 owed to Greenberry by ESI.

60.     ESI has paid Greenberry only $2,783,803.98 for the Project work.

61.     The unpaid value of the labor performed, and material delivered and installed on the Project, and the equipment, and services provided by Greenberry for the Project totals $4,727,759.69.

62.     Greenberry achieved Mechanical Completion (substantial completion) of the Project by June 20, 2021 and has fully completed its work on the Project. Greenberry last worked on the Project in September 2021.

63.     ESI gained the material benefit of all of the labor, materials, equipment, and services provided by Greenberry to ESI for the Project.

64.     On information and belief, ESI has been paid for labor, materials, equipment, and services provided by Greenberry for the Project for which ESI has failed to pay Greenberry.

65.     ESI is liable to Greenberry for the principal amount of $4,727,759.69 pursuant to the doctrine of *quantum meruit*, in the event that the trier of fact determines that there is not a contract between Greenberry and ESI.

66.     Greenberry has made numerous demands on ESI to pay the monies owed by ESI to Greenberry, but ESI has failed to pay Greenberry for all of the labor, materials, equipment, and services provided by Greenberry to the Project.

67.     ESI is liable to Greenberry for prejudgment interest at the rate of one and one-half percent per month on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-16.

68.     In the alternative to the interest addressed in Paragraph 67 above, ESI is liable to Greenberry for prejudgment interest at the rate of seven percent per annum on the principal amount of $1,737,878.50 from at least August 26, 2021,

and on the principal amount of $2,989,881.19 from at least January 14, 2022

pursuant to O.C.G.A. § 7-4-2.

69.    All conditions precedent to the recovery of the monies sought in this

Count and to the recovery of the damages and other relief sought have been

satisfied, waived, excused, or otherwise discharged.

WHEREFORE, Greenberry respectfully requests that judgment be entered in

favor of Greenberry and against ESI for the following amounts regarding the

Project:

(a) the principal amount of $4,727,759.69; plus

(b) prejudgment interest at the rate of one and one-half percent per month

on the principal amount of $1,737,878.50 from at least August 26,

2021, and on the principal amount of $2,989,881.19 from at least

January 14, 2022 pursuant to O.C.G.A. § 7-4-16 (in the alternative to

the interest addressed previously in this subparagraph (b),

prejudgment interest at the rate of seven percent per annum on the

principal amount of $1,737,878.50 from at least August 26, 2021, and

on the principal amount of $2,989,881.19  from at least January 14,

2022 pursuant to O.C.G.A. § 7-4-2); plus

(c) all costs of this action; plus

(d) such other and further relief as is just and proper.

## COUNT III
## UNJUST ENRICHMENT AGAINST ESI

70.    Greenberry incorporates herein by reference all allegations contained in Paragraphs 1 through 14 of this Complaint and reiterates all of those allegations.

71.    ESI ordered from Greenberry labor, materials, equipment, and services for the Project, and ESI promised to pay Greenberry for the costs of the labor, materials, equipment, and services Greenberry provided for the Project, plus an early completion bonus of $100,000.00.

72.    Greenberry properly supplied the labor, materials, equipment, and services ordered by ESI to the Project.

73.    All materials provided by Greenberry to the Project were incorporated into the Project and all materials, labor, equipment, and services improved the value of the real estate or premises comprising the Project.

74.    All of Greenberry's labor, materials, equipment, and services on the Project are subject to ESI's orders to Greenberry and, on information and belief, are also subject to ESI's contract with GP.

75.    The reasonable value of the labor, materials, equipment, and services Greenberry provided to the Project at the request and direction of ESI is $7,511,563.67.

76.     Greenberry issued and delivered to ESI invoices that totaled $4,521,682.48 by August 26, 2021. ESI still owes Greenberry $1,737,878.50 of this amount.

77.     Greenberry issued and delivered to ESI invoice 52137 on January 14, 2022 which included the remaining unpaid balance of $2,989,881.19 owed to Greenberry by ESI.

78.     ESI paid Greenberry $2,783,803.98 for the Project work.

79.     The unpaid value of the labor performed, and material delivered and installed on the Project, and the equipment, and services provided by Greenberry for the Project totals $4,727,759.69.

80.     Greenberry achieved Mechanical Completion (substantial completion) of the Project by June 20, 2021. Greenberry last worked on the Project in September 2021.

81.     ESI gained the material benefit of all of the labor, materials, equipment, and services provided by Greenberry to ESI for the Project.

82.     On information and belief, ESI has been paid for labor, materials, equipment, and services provided by Greenberry for the Project for which ESI has failed to pay Greenberry.

83.     ESI agreed and promised to pay Greenberry for the labor, materials, equipment, and services that Greenberry provided to the Project, plus an early completion bonus of $100,000.00 and agreed thereby inducing Greenberry to continue working on the Project.

84.     Greenberry did continue working on the Project subject to ESI's agreements, and ESI accepted the work performed by Greenberry in the Project; but ESI has not paid Greenberry in full for its work.

85.     On information and belief, ESI has been unjustly enriched by accepting Greenberry's labor, materials, equipment, and services, and ESI has received payment for the labor, materials, equipment, and services provided by Greenberry to ESI for the Project but has failed to pay Greenberry in full for the costs of much of the labor, materials, equipment, and services provided by Greenberry to the Project.

86.     ESI is liable to Greenberry for the principal amount of $4,727,759.69 pursuant to the doctrine of unjust enrichment, in the event that the trier of fact determines that there is not a contract between Greenberry and ESI.

87.     Greenberry has made numerous demands on ESI to pay the monies owed by ESI to Greenberry, but ESI has failed to pay Greenberry for all of the labor, materials, equipment, and services provided by Greenberry to the Project.

88.   ESI is liable to Greenberry for prejudgment interest at the rate of one and one-half percent per month on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-16.

89.   In the alternative to the interest addressed in Paragraph 88 above, ESI is liable to Greenberry for prejudgment interest at the rate of seven percent per annum on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-2.

90.   All conditions precedent to the recovery of the monies sought in this Count and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

WHEREFORE, Greenberry respectfully requests that judgment be entered in favor of Greenberry and against ESI for the following amounts regarding the Project:

(a) he principal amount of $4,727,759.69; plus

(b) prejudgment interest at the rate of one and one-half percent per month on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022

pursuant to O.C.G.A. § 7-4-16 (in the alternative to the interest addressed previously in this subparagraph (b), prejudgment interest at the rate of seven percent per annum on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-2); plus

(c) all costs of this action; plus

(d) such other and further relief as is just and proper.

## COUNT IV
## PROMISSORY ESTOPPEL AGAINST ESI

91.    Greenberry incorporates herein by reference all allegations contained in Paragraphs 1 through 14 of this Complaint and reiterates all of those allegations.

92.    ESI ordered from Greenberry's labor, materials, equipment, and services for the Project, an6 ESI promised to pay Greenberry for the costs of the labor, materials, equipment, and services Greenberry provided for the Project plus an early completion bonus of $100,000.00.

93.    Greenberry reasonably relied upon ESI's promises that it would pay Greenberry for the costs of the labor, materials, equipment, and services Greenberry provided for the Project plus the early completion bonus, and, as a result, Greenberry supplied the labor, materials, equipment, and services ordered by ESI from Greenberry to the Project.

27

94.     All such materials provided by Greenberry to the Project were incorporated into the Project and all materials, labor, equipment, and services improved the value of the real estate or premises comprising the Project.

95.     All of Greenberry's labor, materials, equipment, and services on the Project are subject to ESI's orders to Greenberry and, on information and belief, are also subject to ESI's contract with GP.

96.     The reasonable value of the labor, materials, equipment, and services Greenberry provided to the Project at the request and direction of ESI is $7,511,563.67.

97.     Greenberry issued and delivered to ESI invoices that totaled $4,521,682.48 by August 26, 2021. ESI still owes Greenberry $1,737,878.50 of this amount.

98.     Greenberry issued and delivered to ESI invoice 52137 on January 14, 2022 which included the remaining unpaid balance of $2,989,881.19 owed to Greenberry by ESI.

99.     ESI has paid Greenberry $2,783,803.98 for the Project work.

100.    The unpaid value of the labor performed and material delivered and installed on the Project, and the equipment, and services provided by Greenberry for the Project totals $4,727,759.69.

101.   Greenberry achieved Mechanical Completion of the Project by June 20, 2021. Greenberry last worked on the Project in September 2021.

102.   ESI gained the material benefit of all of the labor, materials, equipment, and services provided by Greenberry to ESI for the Project.

103.   On information and belief, ESI has been paid for labor, materials, equipment, and services provided by Greenberry for the Project for which ESI has failed to pay Greenberry.

104.   ESI agreed and promised to pay Greenberry for the labor, materials, equipment, and services that Greenberry provided to the Project plus an early completion bonus thereby inducing Greenberry to continue working on the Project. Greenberry did continue working on the Project subject to ESI's agreements, and ESI accepted the work performed by Greenberry in the Project; but ESI has not paid Greenberry in full for its work.

105. On information and belief, ESI has been unjustly enriched by receiving payment for the labor, materials, equipment, and services provided by Greenberry to ESI for the Project, but ESI has failed to pay Greenberry for the costs of much of the labor, materials, equipment, and services provided by Greenberry to the Project.

106.   ESI is liable to Greenberry for the principal amount of $4,727,759.69 pursuant to the doctrine of promissory estoppel, in the event that the trier of fact determines that there is not a contract between Greenberry and ESI.

107.   Greenberry has made numerous demands on ESI to pay the monies owed by ESI to Greenberry, but ESI has failed to pay Greenberry for all of the labor, materials, equipment, and services provided by Greenberry to the Project.

108.   ESI is liable to Greenberry for prejudgment interest at the rate of one and one-half percent per month on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-16.

109.   In the alternative to the interest addressed in Paragraph 108 above, ESI is liable to Greenberry for prejudgment interest at the rate of seven percent per annum on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-2.

110.   All conditions precedent to the recovery of the monies sought in this Count and to the recovery of the damages and other relief sought have been satisfied, waived, excused, or otherwise discharged.

WHEREFORE, Greenberry respectfully requests that the judgment be entered in favor of Greenberry and against ESI for the following amounts regarding the Project:

(a) the principal amount of $4,727,759.69; plus

(b) prejudgment interest at the rate of one and one-half percent per month on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-16 (in the alternative to the interest addressed previously in this subparagraph (b), prejudgment interest at the rate of seven percent per annum on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-2); plus

(c) all costs of this action; plus

(d) such other and further relief as is just and proper.

### COUNT V
### ATTORNEYS' FEES AGAINST ESI PURSUANT
### TO O.C.G.A. § 13-6-11

111.   Greenberry incorporates herein by reference all allegations contained in Paragraphs 1 through 51 of this Complaint and reiterates all of those allegations.

112.   On information and belief, ESI has been paid for labor, materials, equipment, and services provided by Greenberry for the Project, but ESI has failed and refused to pay Greenberry for all of the labor, materials, equipment, and services provided by Greenberry to the Project for which ESI has been paid. ESI has also failed and refused to issue change orders for which ESI has agreed to the amounts owed to Greenberry for the work subject to the change orders unless Greenberry agreed to include language in the change orders not required by the agreement between ESI and Greenberry.

113.   Pursuant to O.C.G.A. § 13-6-11, ESI's conduct described in Count I and in this Count constitutes bad faith conduct and/or has caused Greenberry unnecessary trouble and expense.

114.   Greenberry is entitled to recover attorneys' fees from ESI pursuant to O.C.G.A. § 13-6-11.

115.   Greenberry has had to retain attorneys to pursue recovery of the amounts owed by ESI to Greenberry for the claims addressed in this Complaint.

WHEREFORE, Greenberry respectfully requests that judgment be entered in favor of Greenberry and against ESI for the following amounts regarding the Project:

(a) the principal amount of $4,727,759.69; plus

(b) prejudgment interest at the rate of one and one-half percent per month on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-16 (in the alternative to the interest addressed previously in this subparagraph (b), prejudgment interest at the rate of seven percent per annum on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-2); plus

(c) all costs of this action; plus

(d) all attorneys' fees and expenses incurred by Greenberry; plus

(e) such other and further relief as is just and proper.

## COUNT VI
## ATTORNEYS' FEES AGAINST ESI PURSUANT TO O.C.G.A. § 13-6-11

116.   Greenberry incorporates herein by reference all allegations contained in Paragraphs 1 through 14, and 52 through 110 of this Complaint and reiterates all of those allegations.

117.   On information and belief, ESI has been paid for labor, materials, equipment, and services provided by Greenberry for the Project, but ESI has failed

and refused to pay Greenberry for all of the labor, materials, equipment, and services provided by Greenberry to the Project for which ESI has been paid.

118.   Pursuant to O.C.G.A. § 13-6-11, ESI's conduct described in Counts II through IV and in this Count constitutes bad faith conduct and/or has caused Greenberry unnecessary trouble and expense.

119.   Greenberry is entitled to recover attorneys' fees from ESI pursuant to O.C.G.A. § 13-6-11.

120.   Greenberry has had to retain attorneys to pursue recovery of the amounts owed by ESI to Greenberry for the claims addressed in this Complaint.

WHEREFORE, Greenberry respectfully requests that judgment be entered in favor of Greenberry and against ESI for the following amounts regarding the Project:

(a) the principal amount of $4,727,759.69; plus

(b) prejudgment interest at the rate of one and one-half percent per month on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-16 (in the alternative to the interest addressed previously in this subparagraph (b), prejudgment interest at the rate of seven percent per annum on the principal amount of $1,737,878.50 from

at least August 26, 2021, and on the principal amount of $2,989,881.19

from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-2); plus

(c) all costs of this action; plus

(d) all attorneys' fees and expenses incurred by Greenberry; plus

(e) such other and further relief as is just and proper.

## COUNT VII
## ATTORNEYS' FEES AGAINST ESI PURSUANT
## TO O.C.G.A. § 13-11-1, *ET SEQ.*

121.   Greenberry incorporates herein by reference all allegations contained in Paragraphs 1 through 51 of this Complaint and reiterates all of those allegations.

122.   On information and belief, ESI has been paid for labor, materials, equipment, and services provided by Greenberry for the Project, but ESI has failed to pay Greenberry for all of the labor, materials, equipment, and services provided by Greenberry to the Project for which ESI has been paid in violation of O.C.G.A. § 13-11-4 under the Georgia Prompt Pay Act, O.C.G.A. § 13-11-1, *et seq*.

123.   Pursuant to O.C.G.A. § 13-11-8, ESI is liable to Greenberry for all attorneys' fees incurred by Greenberry in pursuing recovery from ESI in this action.

124.   Greenberry has had to retain attorneys to pursue recovery of the amounts owed by ESI to Greenberry for the claims addressed in this Complaint.

WHEREFORE, Greenberry respectfully requests that judgment be entered in favor of Greenberry and against ESI for the following amounts regarding the Project:

    (a) the principal amount of $4,727,759.69; plus

    (b) prejudgment interest at the rate of one and one-half percent per month on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-16 (in the alternative to the interest addressed previously in this subparagraph (b), prejudgment interest at the rate of seven percent per annum on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-2);

    (c) all costs of this action; plus

    (d) all attorneys' fees and expenses incurred by Greenberry; plus

    (e) such other and further relief as is just and proper.

## COUNT VIII
## ATTORNEYS' FEES AGAINST ESI PURSUANT
## TO O.C.G.A. § 13-11-1, *ET SEQ.*

125.   Greenberry incorporates herein by reference all allegations contained in Paragraphs 1 through 14 and 52 through 110 of this Complaint and reiterates all of those allegations.

126.   On information and belief, ESI has been paid for labor, materials, equipment, and services provided by Greenberry for the Project, but ESI has failed to pay Greenberry for all of the labor, materials, equipment, and services provided by Greenberry to the Project for which ESI has been paid in violation of O.C.G.A. § 13-11-4 under the Georgia Prompt Pay Act, O.C.G.A. § 13-11-1, *et seq*.

127.   Pursuant to O.C.G.A. § 13-11-8, ESI is liable to Greenberry for all attorneys' fees incurred by Greenberry in pursuing recovery from ESI in this action.

128.   Greenberry has had to retain attorneys to pursue recovery of the amounts owed by ESI to Greenberry for the claims addressed in this Complaint.

WHEREFORE, Greenberry respectfully requests that judgment be entered in favor of Greenberry and against ESI for the following amounts regarding the Project:

(a) the principal amount of  $4,727,759.69; plus

(b) prejudgment interest at the rate of one and one-half percent per month on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-16 (in the alternative to the interest addressed previously in this subparagraph (b), prejudgment interest at the rate of seven percent per annum on the principal amount of $1,737,878.50 from at least August 26, 2021, and on the principal amount of $2,989,881.19 from at least January 14, 2022 pursuant to O.C.G.A. § 7-4-2);

(c) all costs of this action; plus

(d) all attorneys' fees and expenses incurred by Greenberry; plus

(e) such other and further relief as is just and proper.

Respectfully submitted this 18th day of January, 2022.

*/s/ Stephen Gregory Joy*
Stephen Gregory Joy
Georgia Bar No. 405495

*/s/ Brent R. Laman*
Brent R. Laman
Georgia Bar No. 173977

Smith, Currie & Hancock LLP
2700 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone: (404) 521-3800
Facsimile: (404) 688-0671
sgjoy@smithcurrie.com
brlaman@smithcurrie.com

*Counsel for Greenberry Industrial, LLC*