IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREENBERRY INDUSTRIAL, LLC,

   Plaintiff,

    v.

ESI, INC. OF TENNESSEE,

   Defendant.

CIVIL ACTION FILE
NO. 1:22-CV-206-TWT

**OPINION AND ORDER**

This is a breach of contract action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 12]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 12] is DENIED.

### I.  Background

The Plaintiff, Greenberry Industrial, LLC ("Greenberry"), is an industrial fabricator that offers a variety of processing piping services. (Am. Compl. ¶ 2.) Greenberry is domiciled in Oregon and Washington. (*Id.* ¶ 1.) The Defendant, ESI, Inc. of Tennessee ("ESI"), is a general contractor that provides engineering, procurement, and construction services to support energy projects. (*Id.* ¶ 4.) ESI is domiciled in Georgia and Tennessee. (*Id.* ¶ 3.) ESI allegedly subcontracted Greenberry to provide certain services in support of a project in Port Hudson, Louisiana. (*Id.* ¶¶ 5, 16.) This agreement was memorialized in a final purchase order ("the Subcontract"). (*Id.* ¶ 16.) Greenberry alleges that it provided the services the Parties contracted for but

that ESI failed to pay the full amount owed. (*Id.* ¶¶ 41–46.)

The particulars of the contractual dispute are not relevant to the resolution of the motions now pending before the Court. That is because the Defendant argues that the Plaintiff's contractual claims are subject to a mandatory forum selection clause and must be dismissed under the doctrine of *forum non conveniens*. (Def.'s Mot. to Dismiss, at 1–2.) In the alternative, the Defendant contends that these claims fall within an arbitration provision in the Subcontract that triggers if the forum selection clause is rendered unenforceable. (*Id.* at 17–22.) In response, the Plaintiff argues that the forum selection clause is permissive rather than mandatory and thus allows a suit before this Court. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 6–14.) Further, the Plaintiff claims that the forum selection clause is ambiguous as to its scope and should be construed against the Defendant. (*Id.* at 14–20.) Finally, the Plaintiff notes that even under its argument, the forum selection clause is enforceable, and thus the arbitration clause is not triggered here. (*Id.* at 20–21.)

## II.   Legal Standard

"Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, . . . not state law." *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). Under federal law, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."

*Atl. Mar. Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013). There are two types of forum selection clauses: ones where "the transferee forum is within the federal court system[,]" and those where the transferee court is outside the federal system. *Id.* at 60–61. Though Congress has codified 28 U.S.C. § 1404(a) to manage the former cases, "the residual doctrine of *forum non conveniens* has continuing application" for the latter cases. *Id.* (quotation marks omitted). In cases without a forum-selection clause, a court "must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 62. However, in cases with a valid forum-selection clause, "the calculus changes," and "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* at 63 (quotation marks and brackets omitted).

### III. Discussion

The Subcontract contains the following forum selection clause:

Venue – ESI and Subcontractor acknowledge that this Agreement was negotiated in Cobb County, Georgia and shall be deemed to have been executed in Cobb County, Georgia at the offices of ESI. Subcontractor further acknowledges that by negotiating and executing this Agreement in Cobb County, Georgia, it is subjecting itself to and is consenting to the jurisdiction and venue of the courts of Cobb County, Georgia for the purposes of resolving any dispute that arises hereunder. Subcontractor hereby waives any defenses or objections to the venue and jurisdiction of the state courts of Cobb County, Georgia. If this consent to the jurisdiction and venue of the state courts of Cobb County is ruled unenforceable, the parties agree to submit any dispute to binding arbitration under the rules and procedures of the American Arbitration Association office in Atlanta, Georgia.

(Am. Compl. ¶ 21.) The Parties disagree as to whether this clause represents a mandatory and exclusive forum selection clause. The Eleventh Circuit has noted that forum selection clauses can be either mandatory or permissive: "A mandatory clause designates a specific forum as the exclusive forum in which to litigate the dispute. A permissive clause merely consents to jurisdiction in the designated forum and does not foreclose litigation in an alternative forum." *Cardoso v. Coelho*, 596 F. App'x 884, 885–86 (11th Cir. 2015); *see also Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985) (articulating a distinction between "'consent to jurisdiction' clauses and 'mandatory' clauses"). The Eleventh Circuit has further observed that courts typically "require quite specific language before concluding that a forum selection clause is mandatory[] such that it dictates an exclusive forum for litigation under the contract." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999). For example, in *Glob. Satellite Comm'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004), the contractual clause at issue stated: "Venue shall be in Broward County, Florida." The Eleventh Circuit highlighted the use of "shall" and held that this provision was "most reasonably interpreted to mandate venue in Broward County, and Broward County alone." *Id.* at 1272. In contrast, in *Cardoso*, the Eleventh Circuit deemed a forum-selection clause permissive that read: "The parties elected the forum of Florianopolis/SC to have jurisdiction for all and any legal action related to the present contract." *Cardoso*, 596 F. App'x at 885–86. Though the Eleventh Circuit has not

4

identified any "magic words" that render a forum-selection clause mandatory, the clause must at least contain some indication of exclusivity.

The forum selection clause at issue contains no such indications of exclusivity. The Defendant acknowledges that such language is necessary but insists the phrase "subjecting itself to and is consenting to the jurisdiction and venue of the courts of Cobb County, Georgia for the purposes of resolving any dispute that arises hereunder[]" indicates sufficient exclusivity. (Am. Compl. ¶ 21; Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 12.) In the Defendant's view, because the above clause "included additional, mandatory language that [the Plaintiff] is 'subjecting itself to' not only jurisdiction but also 'venue' to resolve 'any dispute that arises hereunder,' the clause is mandatory[.]" (*Id.* at 12–13.)

The Court is not convinced. While this provision clearly precludes the Plaintiff from contesting the venue and jurisdiction of the courts of Cobb County, there is no language that requires the Plaintiff to file its suit in the courts of Cobb County. By filing its suit in this Court, the Plaintiff—a citizen of Washington and Oregon—is consenting to this Court's jurisdiction. The Subcontract does not limit the Plaintiff's discretion to file suits in other courts. Without any language indicating exclusivity or a limitation on the Plaintiff's ability to consent to the jurisdiction of other courts, the Court finds that the forum selection clause in the Subcontract is a permissive clause. Further, the Subcontract makes clear that it was negotiated within the geographical

confines of this District. Because the clause does not limit the Plaintiff's discretion to file suit in this Court and because convenience and other considerations of public interest do not weigh in the Defendant's favor, the doctrine of *forum non conveniens* does not preclude the Plaintiff from pursuing its claims before this Court.

The Subcontract's forum selection clause is an enforceable permissive clause. As a result, the arbitration provision is not triggered, and the Court need not address those arguments.

## IV.   Conclusion

None of the Subcontract's provisions hinder the Plaintiff from filing a suit in this Court, and the Defendant's arguments to the contrary fail. The Defendant's Motion to Dismiss [Doc. 12] is DENIED.

SO ORDERED, this ___22nd___ day of June, 2022.

                                                                                           */s/ Thomas W. Thrash*
                                                              THOMAS W. THRASH, JR.
                                                              United States District Judge