IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREENBERRY INDUSTRIAL, LLC,

    Plaintiff,

    v.

ESI, INC. OF TENNESSEE,

    Defendant.

CIVIL ACTION FILE
NO. 1:22-CV-206-TWT

## OPINION AND ORDER

This is a breach of contract action. It is before the Court on the Plaintiff's Motion for Partial Summary Judgment for Prejudgment Interest [Doc. 43]. For the reasons set forth below, the Plaintiff's Motion for Partial Summary Judgment for Prejudgment Interest [Doc. 43] is DENIED.

## I.  Background[1]

The Plaintiff, Greenberry Industrial, LLC ("GBI"), is an industrial fabricator that offers a variety of processing piping services. (Am. Compl. ¶ 2). The Defendant, ESI, Inc. of Tennessee ("ESI"), is a general contractor that provides engineering, procurement, and construction services to support energy projects. (*Id.* ¶ 4). In the present case, ESI subcontracted GBI to provide certain services in support of a boiler replacement project in Port Hudson,

---

[1] The operative facts on the Motion for Partial Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

Louisiana ("the Project"), and the parties memorialized their agreement in a final purchase order ("the Subcontract"). (Pl.'s Statement of Undisputed Material Facts ¶ 1). The Subcontract specified that ESI would pay GBI $4,118,209 for its mechanical work on the Project. (*Id.* ¶ 4). After entering into the Subcontract, GBI and ESI also executed six Change Orders that altered the scope of GBI's work on the Project—though the parties dispute the validity of certain wording in the Change Orders. (*Id.* ¶¶ 5–8; Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts ¶¶ 5–8). The six Change Orders increased the amount owed to GBI under the Subcontract to $5,026,253.06. (Pl.'s Statement of Undisputed Material Facts ¶ 8). GBI completed its work on the Project on September 29, 2021. (*Id.* ¶ 17). Throughout the course of its work on the Project, GBI submitted several work invoices to ESI. (*Id.* ¶ 18). Prior to the filing of this lawsuit, ESI had paid GBI $2,783,803.98 for its work on the Project. (*Id.* ¶ 22).

On January 18, 2022, GBI filed the present action, alleging that ESI failed to pay the full amount owed for the services it performed under the Subcontract and the Change Orders. On July 27, 2022, ESI counterclaimed for damages, alleging that GBI failed to perform its duties under the Subcontract and the Change Orders, among other pleaded claims. Then on August 29, 2022, ESI made a payment to GBI totaling $1,376,635.70, which primarily applied to principal owed by ESI to GBI on the Project. (*Id.* ¶ 25). On September 20, 2022, ESI made another payment of $90,925.46 to GBI for principal retainage.

(*Id.* ¶ 33). GBI now moves for partial summary judgment to recover prejudgment interest on the principal payments made by ESI in August and September of 2022.

## II.    Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.    Discussion

GBI moves for partial summary judgment to recover prejudgment interest on principal payments that ESI made to GBI in August and September of 2022. GBI argues it is entitled to the prejudgment interest because ESI delayed ten months in making the payments despite having been compensated in full by the project owner on November 30, 2021. (Br. in Supp. of Pl.'s Mot. for Partial Summ. J., at 1–2). In total, GBI claims an interest award of

3

$252,213.17, calculated from a 1.5% monthly interest rate under O.C.G.A. § 7-4-16. (*Id.* at 2). In response, ESI argues that an award of prejudgment interest is inappropriate for several reasons. ESI argues that an interest award under O.C.G.A. § 7-4-16 requires the pleading of a claim for an open or commercial account, and not a breach of contract claim as pleaded by GBI. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. for Partial Summ. J., at 2). ESI also contends that a 7% annual interest rate, not a 1.5% monthly rate, is the appropriate rate under O.C.G.A. § 7-4-2. (*Id.*). Finally, ESI claims that genuine issues of material fact remain as to when interest on the principal began to accrue. (*Id.* at 2–3). The Court first considers whether a genuine dispute of material fact exists as to the accrual and owing of GBI's claimed interest and then considers the commercial account and interest rate issues.

### A. Accrual and Owing of Interest

GBI claims that the Subcontract required ESI to pay GBI's invoices within 30 days of their receipt and that its failure to do so resulted in the accruing of prejudgment interest on the outstanding principal amounts beginning after the 30-day payment periods. (Br. in Supp. of Pl.'s Mot. for Partial Summ. J., at 22). In response, ESI claims that under the Subcontract, it was entitled to withhold payment on GBI's invoices because GBI breached the Subcontract. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. for Partial Summ. J., at 19–20). ESI also claims that it was entitled to withhold payment under the Subcontract because GBI filed a lien on the Project's premises. (*Id.* at 20). In

4

reply, GBI argues primarily that ESI's justifications for nonpayment are "legally meritless" because they are conclusory allegations unsupported by specific facts and because they run contrary to the express terms of the Subcontract. (Reply Br. in Supp. of Pl.'s Mot. for Partial Summ. J., at 11–15). Relevant to the parties' arguments, the Subcontract's General Terms and Conditions provide the following:

> Contractor [ESI] shall pay to Subcontractor [GBI], within 30 days of receipt of the approved invoice, an amount equal to the value of Subcontractor's completed work, less all previous payments, and less the amount of current retainage. . . .

> Contractor shall have the right to withhold payment to Subcontractor for defective work not remedied and for any other breach of this Subcontract by Subcontractor.

(Stark Decl., Ex. 1-B at 2–3, § 5).

Several counterclaims by ESI for breach of contract against GBI remain pending before the Court, including allegations of GBI's delayed performance and defaults, among other alleged breaches. (*See* Countercls. ¶¶ 31–51). Because genuine issues of material fact exist as to whether GBI breached the Subcontract, and because such a breach may have entitled ESI to withhold payments to GBI under the Subcontract, the Court cannot conclude, as a matter of law, that GBI is entitled to its claimed prejudgment interest award. If GBI indeed breached the Subcontract as ESI alleges, GBI's breach may have suspended or excused ESI's payment obligations under the Subcontract. Thus, because such an award would be premature while ESI's breach of contract

counterclaims remain unresolved, GBI is not entitled to an award of prejudgment interest on ESI's principal payments at this stage in the case.

GBI offers several unavailing arguments in support of its position that ESI's withholding payment was unmerited under the Subcontract. (Reply Br. in Supp. of Pl.'s Mot. for Partial Summ. J., at 11–15). First, GBI argues that ESI's allegations of breach are inadmissible and conclusory and that they are therefore legally insufficient to oppose summary judgment. (*Id.* at 11). This argument sounds in the merits of ESI's breach of contract counterclaims, which are not currently before the Court in this motion for partial summary judgment for prejudgment interest.

GBI argues next that because ESI admitted that GBI had completed all of its work under the Subcontract by September 29, 2021, ESI could not have incurred damages for alleged breaches by GBI after that date. (*Id.*). However, GBI cites no authority in support of its proposition that a party cannot sustain an action for breach of contract after the opposing party completes work under the contract. If GBI breached the Subcontract and caused damages to ESI, ESI could still recover damages for such a breach, despite GBI's completion of its work under the Subcontract.

GBI then argues that ESI breached the Subcontract by failing to calculate its alleged back charges within the thirty-day period prescribed by the Subcontract. (*Id.* at 12). Even if true, the alleged breach by ESI does not change the fact that ESI's breach of contract counterclaims remain pending.

6

Thus, an alleged breach by ESI does not change the result of the present motion.

The Court agrees with GBI that ESI's justification of its delay in making payment to GBI because it was devoting resources elsewhere is by itself an insufficient excuse. (*Id.* at 13–14). But the existence of ESI's breach of contract counterclaims and the Subcontract's terms allowing ESI to withhold payment in the event of breach by GBI are sufficient allegations to preclude an award of prejudgment interest at present.

Finally, GBI relies on *Martin v. Rollins, Inc.*, 138 Ga. App. 649, 651 (1977), in support of its argument that ESI failed to comply with its payment obligations for more than three months before GBI filed the present case and that ESI therefore cannot rely on its alleged breaches by GBI to excuse its nonpayment before GBI sued. (Reply Br. in Supp. of Pl.'s Mot. for Partial Summ. J., at 15). But the contractor who brought suit in *Martin* sought recission of the contract, unlike the breach of contract counterclaims at issue here. Thus, *Martin* does not govern the present case.

In conclusion, GBI is not entitled to an award of prejudgment interest on ESI's principal payments. A determination on prejudgment interest will be appropriate after resolution of ESI's breach of contract counterclaims.

## B. Commercial Account and Interest Rate

Because genuine issues of material fact exist as to whether an award of prejudgment interest is merited, the Court declines to address the commercial

account and interest rate issues argued in the parties' briefs.

### IV.  Conclusion

For the foregoing reasons, the Plaintiff's Motion for Partial Summary Judgment for Prejudgment Interest [Doc. 43] is DENIED.

SO ORDERED, this ___28th___ day of February, 2023.

THOMAS W. THRASH, JR.
United States District Judge

8